UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES-BEY,

       Plaintiff,

Case No.  05-72817

v.

District Judge Denise Page Hood
Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF CORRECTIONS,
*et al.*

       Defendants.

                                     /

**AMENDMENT TO REPORT AND RECOMMENDATION [Docket #36]**

**I.   ENJOINMENT OF MDOC POLICY DIRECTIVE 05.03.118(HH)(22)**

On June 27, 2006, this Court issued a Report recommending that the district court

grant Defendants Caruso, Trombly, and Matuszak's motion for dismissal in their personal

capacities on the basis of qualified immunity [Docket #36].  The Court also recommended

that the district court reject Plaintiff's access-to-court claims, noting that Plaintiff did not

allege that the prohibited Unified Commercial Code ("UCC") material was needed for an

appeal of his conviction or a civil rights claim.  *Lewis v. Casey,* 518 U.S. 343, 350, 355, 116

S.Ct. 2174, 2179, 2182,135 L.Ed.2d 606 (1996).   However, the Court denied Defendants'

motion to the extent that they had requested dismissal of Plaintiff's request injunctive relief

against them in their official capacities.  The Court recommended that the district court issue

a temporary restraining order enjoining enforcement of MDOC Policy Directive

05.03.118(HH)(22), implemented in June, 2005, which stated as followed:

> *Prohibited Incoming Mail* (HH) "Prisoners are prohibited from receiving mail
> that is a threat to the security, good order, or discipline of the facility, may
> facilitate or encourage criminal activity, or may interfere with the
> rehabilitation of the prisoner. . . .
>
> (22)"Mail regarding actions that can be taken under the Uniform
> Commercial Code (UCC).  This does not include legal materials      which set
> forth the statute or provide a scholarly legal analysis of the UCC."

Assistant Attorney General Julia Bell argued on behalf of Defendants that because the

2004 Director's Office Memorandum ("DOM")in dispute had been superceded by MDOC's

Policy Directive in June, 2005 that Plaintiff's action was moot.   This Court disagreed with

Defendants' argument, finding that for all practical purposes, placing the same restrictions

in the Policy Directive simply *codified* the impermissible restrictions found in the 2004

DOM.  The Court also rejected  Defendants' contention that the Policy Directive in its 2005

form bore a reasonable relationship to a legitimate penological objective (*Turner v. Safley,*

482 U.S., 78, 90, 107 S.Ct., 2254, 2259,  96 L.Ed.2d 64 (1987)),   instead finding that

enforcement of the subparagraph should be enjoined on the basis of vagueness.

On July 10, 2006, Defendants filed an objection to the Report.   Defendants' stated

for the first time in any pleading submitted in this case  that the subsection in question had

been modified, effective January 1, 2006.    The 2006 modification, renumbered sub-

paragraph 23, reads as follows:

23.  Mail regarding actions that can be taken under the Uniform Commercial Code (UCC) **which could be used to harass or threaten another individual, including the filing of a lien against the individual**.  This does not include legal materials which set forth the statute or provide a scholarly legal analysis of the UCC.

We concur with Defendants to the extent that the subparagraph in its presently augmented form is reasonably related to a penological objective and therefore not constitutionally impermissible.  Since the 2005 subparagraph has been superceded by a version containing acceptably modified restrictions, enjoinment of the 2005 version is not necessary.  I note however, that Defendants had several months to inform the Court of the Policy Directive modification before the original Report and Recommendation was issued and cannot fathom why they waited  to submit this information for the first time in  their objections to the Report. This Court's additional recommendations, submitted on June 27, 2006 remain unchanged.

## II.    OUTSTANDING MOTIONS

On November 15, 2005 and January 31, 2006,  Plaintiff filed motions for Temporary Restraining Orders enjoining prison staff from impeding his access to the courts [Docket #18, 24].  Plaintiff alleged that without injunctive relief, prison personnel would either tamper with or delay delivery of  the legal pleadings he had prepared in the present case.

Assuming, *arguendo*, that prison employees were inordinately interested in Plaintiff's filings in the present case, Plaintiff has nonetheless failed to state an access-to-the-courts claim.  Although, as required in such a claim, the underlying suit pertains to a civil rights action, Plaintiff has not shown that the prison staff's activity  prejudiced his position in this

or any case.

In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial. In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Even if the Court assumes that Plaintiff's delay in filing a response to Defendants' summary judgment motion had the potential to prejudice his case, the possibility of prejudice was obviated by this Court's grant of an enlargement of time to file his response on February 10, 2006 [Docket #25]. Plaintiff's Motion for Injunctive Relief against Bellamy Creek Correction Facility Staff [Docket #18, 24] should be DENIED.

### III.   CONCLUSION

As stated in section I, the recommendation of original Report is modified to the extent discussed, mooting the need for enjoinment from the enforcement of MDOC Policy Directive 05.03.118(HH)(22).

I further recommend that Plaintiff's requests for injunctive relief [Docket #18, 24] be DENIED.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 21, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 21, 2006.

S/G. Wilson
Judicial Assistant