**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTER JONES,

      Plaintiff,

                                     Case No. 05-CV-72817-DT

v.

                                     HONORABLE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
JAN E. TROMBLEY, AND LINDA
MATUSZAK,

      Defendants.

_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

**I.      BACKGROUND**

Plaintiff Walter Jones filed a *pro se* Complaint on July 19, 2005 alleging a violation of his civil rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleges a violation of his First Amendment right to access materials related to the Uniform Commercial Code.

Defendants moved for summary judgment and a response was filed. Magistrate Judge R. Steven Whalen initially issued a Report and Recommendation recommending the Court dismiss the individual Defendants in their personal capacity but deny dismissal in their official capacities because of Plaintiff's request for injunctive relief against the individual Defendants. The Magistrate Judge also recommended the issuance of a temporary restraining order enjoining the enforcement of the Michigan Department of Correction Policy Directive ("MDOC PD") 05.03.118(HH)(22) (version 2005) finding that Plaintiff demonstrated a likelihood of success on the merits that the policy is unconstitutional because it is far-reaching and ambiguous. Objections were filed to the Magistrate Judge's Report and Recommendation.

On July 21, 2006, the Magistrate Judge issued an Amendment to the Report and Recommendation finding that subparagraph (HH)(22) had been acceptably modified and that enjoining the 2005 version is not now necessary.  The Magistrate Judge noted Defendants only raised the January 1, 2006 version, renumbered as (HH)(23), for the first time in their Objections.  The Magistrate Judge further noted that Defendants had several months (from the January 1, 2006 effective date of the new version to the issuance of the Report and Recommendation in June 2006) to inform the court of the modification of the policy.

Plaintiff filed Objections to the Amended Report and Recommendation.

## II.    STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C).  The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*   There is no *per se* rule requiring a magistrate judge consider all the arguments raised by a party or a district court to undertake a detailed discussion of every objection a party may raise to the report and recommendation.  *See, Ivy v. Secretary of HHS,* 976 F.3d 288, 289 (6th Cir. 1992)(holding that the only requirement is "an indication that the district judge or magistrate judge has reviewed and considered each major, relevant, and well-articulated contention of the parties.").

## III.   ANALYSIS

### A.    First Amendment

Plaintiff filed the instant suit against Defendants claiming that his First Amendment right to receive mail regarding UCC-related documents has been violated.  Defendants claim that on January 1, 2005, MDOC Director Patricia Caruso issued and implemented DOM 2005-4 "Fraudulent

2

Activities Involving the Uniform Commercial Code" in response to increased activity by prisoners engaging in various schemes under the UCC for purpose of harassing staff, prosecutors, judges and others. The DOM was superseded on June 6, 2005 with the MDOC Policy Directive 05.03.118(HH)(22) prohibiting incoming mail:

> <u>PROHIBITED INCOMING MAIL</u>
>
> HH.    Prisoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner. The following poses such risks within a correctional facility under all circumstances and therefore shall be rejected.
>
> * * *
>
> 22.    Mail regarding actions that can be taken under the Uniform Commercial Code (UCC). This does not include materials which set forth the statute or provide a scholarly legal analysis of the UCC.

MDOC PD 05.03.118(HH)(22)(2005).

The Court finds that the Magistrate Judge's analysis and conclusions in the initial Report and Recommendation were correct and are adopted as this Court's findings and conclusions. The individual Defendants are dismissed in their personal capacities. As to the Amended Report and Recommendation, although the Court agrees that subparagraph 23 sets forth a policy reasonably related to a penological objective in that the added language specifically identifies the filing of a lien against an individual, the policy is still impermissibly vague, as the Magistrate Judge found in its initial Report and Recommendation. The new policy states:

> 23.    Mail regarding actions that can be taken under the Uniform Commercial Code (UCC) *which could be used to harass or threaten another individual, including the filing of a lien against the individual.* This does not include legal materials which set forth

> the statute or provide a scholarly legal analysis of the
> UCC.

MDOC PD 05.03.118(HH)(23)(2006)(emphasis added).

The First Amendment protects a prisoner's right to receive mail, "but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). There is heightened concern when prison officials place restrictions on legal mail. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). The prisoner's First Amendment right is violated if the restrictions are implemented in an arbitrary or capricious manner. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). There must be a balance between the prisoner's rights and the prison's security interests. "In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail..." *Sallier*, 343 F.3d at 874 *quoting Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

The added language of (HH)(23) limits UCC materials which could be used to harass or threaten another individual, including the filing of a lien against the individual. Although this policy does not appear to be related to the "security" of the prisons, the policy may be addressing the prison's "other legitimate penological objectives"–"harassment" and "felony" activities, as argued by Defendants. The added language allows confiscation of UCC materials relating to a lien to be placed on "another" individual, which is a vague term. Although Defendants in their summary judgment motion submitted examples of two other prisoners who may have placed or attempted to place liens against two individuals who appear to be employed with the State of Michigan, there is no affirmative evidence or statement by the two individuals identified that these liens were in fact

4

improper or illegal or that the prisoners were successful in filing the liens.[1]  Defendants also do not

cite any authority or statute (federal or state) that shows that filing of a lien against "another"

individual is prohibited or is a "felony" as argued by Defendants.  The added language is vague as

to the "individual" the policy attempts to protect and does not limit the filing of a lien which may

be legitimate or legal.

The present language continues to allow only legal materials that provide a "scholarly"

analysis of the UCC.  As the Magistrate Judge noted in its initial Report and Recommendation,

Defendants failed to show that a more narrowly-tailored directive could not serve the same

legitimate governmental interest without infringing on the rights of individuals seeking legitimate

but "non-scholarly" material pertaining to the UCC and that because a publication is "non-scholarly"

it is created or can be used for illegitimate purposes.  (6/27/06 R&R, pp. 12-13)  The Magistrate

Judge further noted that scholarly commentary can be misused for unlawful ends.  (6/27/06 R&R,

p. 13)  The Magistrate Judge went on to state,

> The policy directive is impermissibly vague.  The only material it
> clearly permits is access to "scholarly" UCC publications treatises
> written for use and study by lawyers and law students.  Does it
> include treatises written by a business professor at the University of
> Pennsylvania?   Does it include *all* UCC-related government
> publications composed for layman use?  Alternatively, if it were
> interpreted to include government publications, would publications

---

[1] Documents were submitted by Defendants showing Andrew P. Threatt (the Court assumes Threatt is a prisoner), Linda Threatt with a power of attorney, attempted to file a complaint for copyright infringement against Sgt. Dave Christian (the Court assumes Christian is an MDOC employee at Baraga Maximum Correctional Facility).

Documents were also included involving Martin Luther McElroy (the Court assumes McElroy is a prisoner) sending a "Final Notice" of a copyright notice and Affidavit of Publication to ***Julia Bell (who has the same name as the lead Assistant Attorney General in this case)***.

5

written by non-profit organizations for *pro se* litigants be forbidden?

(6/27/06 R&R, p. 12, n. 4) The current language does not address the concerns raised by the Magistrate Judge in his initial Report and Recommendation.

The Court accepts the Magistrate Judge's initial Report and Recommendation and rejects the Amended Report and Recommendation relating to the UCC issue as more fully set forth above.

### B.    Pending Motions

The Court agrees with the Magistrate Judge in his Amended Report and Recommendation that Plaintiff's Motion for Injunctive Relief against Bellamy Creek Correctional Facility Staff should be denied since it appears Plaintiff was able to file a response to the Defendants' summary judgment motion and the Magistrate Judge and this Court considered his response. However, this ruling does not prohibit Plaintiff from obtaining relief to an alleged denial of access claim, if any, against the Bellamy Creek Correctional Facility Staff after appropriate exhaustion of remedies. The Bellamy Creek Correctional Facility Staff are not parties to the instant lawsuit.

### IV.    CONCLUSION/ORDER

For the reasons stated above,

IT IS ORDERED that Magistrate Judge Whalen's June 27, 2006 Report and Recommendation **(Docket No. 36)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Magistrate Judge Whalen's July 21, 2006 Amended Report and Recommendation **(Docket No. 41)** is REJECTED IN PART and ACCEPTED IN PART as more fully set forth above.

IT IS FURTHER ORDERED Defendants' Rule 56(b) Motion for Summary Judgment

(**Docket No. 15, filed September 29, 2005**) is GRANTED IN PART and DENIED IN PART. Defendants Patricia Caruso, Jan Trombley, and Linda Matuszak[2] are DISMISSED in their personal capacity only, but REMAIN in their official capacity.

IT IS FURTHER ORDERED that a preliminary injunction is issued pending the resolution of this case enjoining Defendants from enforcing MDOC PD 05.03.118(HH)(23)(Effective January 1, 2006).

IT IS FURTHER ORDERED that Plaintiff's Motion for Protective Order and Temporary Restraining Order against the Bellamy Creek Correctional Facility Staff (**Docket No. 18, filed November 15, 2005 and Docket No. 24, filed January 31, 2006**) is DENIED without prejudice to any access to court claim, if any, Plaintiff may have against the Staff, subject to the appropriate exhaustion requirements and to any subsequent action.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge for a hearing and determination on all pretrial matters and supervising discovery, if required, pursuant to 28 U.S.C. § 636(b)(1)(A) and any report and recommendation on any dispositive motions relating to the remaining claims only pursuant to 28 U.S.C. § 636(b)(1)(B).


_/s/ DENISE PAGE HOOD_____
DENISE PAGE HOOD
United States District Judge

DATED: September 28, 2006

---

[2] No request for dismissal was filed on behalf of Defendant Michigan Department of Corrections.

7

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager