UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES-BEY,

    Plaintiff,

                                  Case No. 05-72817

v.                                District Judge Denise Page Hood
                                  Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF CORRECTIONS,
*et al.*

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's *Motion for a Finding of Contempt* [Docket #52], filed December 20, 2006; *Plaintiff's Ex-Parte Motion for a Finding of Contempt* [Docket #57], filed February 21, 2007; and Gregory Brown's *Motion to Show Cause and Contempt* [Docket #60], filed March 30, 2007 which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1] For the reasons set forth below, I recommend that all motions be DENIED.

---

[1] Gregory Brown, an MDOC inmate, seeks to intervene as an interested party.

-1-

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed suit on July 19, 2005 against present Defendants, protesting a Michigan Department of Corrections ("MDOC") Policy Directive restricting inmates' access to material related to the Uniform Commercial Code ("UCC"). On September 28, 2006 the district court issued a preliminary injunction pending the resolution of the case, enjoining Defendants from enforcing MDOC Policy Directive 05.03.118(HH)(23)[2]. *Docket #46*. Plaintiff alleges that since the September 28, 2006 injunction was issued, MDOC staff confiscated, then returned portions of Defendants' pleadings in the present case, sent to him by their attorney. *Docket #52*, Plaintiff's Affidavit at ¶16. Plaintiff alleges further that "all other UCC-related material confiscated . . . was destroyed by Defendants, their agents or employees," asking that Defendants be held in contempt for their disregard of the district court's September 28, 2006 order. *Id.* at ¶¶17-19.

Likewise, Plaintiff's February 21, 2007 motion for the imposition of contempt sanctions [Docket #57] alleges that Defendants continue to flout the district court's

---

[2] MDOC Policy Directive 05.03.118(HH) states in pertinent part:

*Prohibited Incoming Mail* (HH) "Prisoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner. . . (23) Mail regarding actions that can be taken under the Uniform Commercial Code (UCC) which could be used to harass or threaten another individual, including the filing of a lien against the individual. This does not include legal materials which set forth the statute or provide a scholarly legal analysis of the UCC."

injunction by refusing to return confiscated UCC material. *Docket #57* at 3. Plaintiff asserts further that Defendants have skirted the September 2006 order by allowing inmates access to UCC-related texts, but banning "blank [UCC] forms" on the basis that they "may be used to place a fraudulent lien on another individual" in violation of M.C.L. 440.9501(06). *Id.*

## II. APPLICABLE LAW

Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Where it is established that a party has violated a court order, the burden shifts to that party to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983). The Sixth Circuit "requires that the prior order be 'clear and unambiguous' to support a finding of contempt," holding further that "[a]mbiguities must be resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 550-551 (6th Cir.2006); *Grace v. Ctr. for Auto Safety,* 72 F.3d 1236, 1241 (6th Cir.1996).

## III. ANALYSIS

Defendant acknowledges that "Hearing Officers' December 4, 2006 decision 'that the plaintiff was not authorized to possess certain documents because the documents related to 'mail regarding actions that can be taken under the UCC,' was clearly a violation of this court's order enjoining the enforcement of ¶HH.23 of MDOC PD 05.03.118." *Docket #56* at 3. However, Defendants contend that the "staff error . . . was remedied upon discovery," maintaining further that in the absence of injury to Plaintiff or willful disobedience to the

district court's injunction that a contempt finding is inappropriate. *Id.*

Defendants state that the hearing decision issued on December 4, 2006, which impermissibly relied on MDOC Policy Directive 05.03.118(HH)(23), apparently occurred as a result of a staff librarian's apprehension upon discovering that Plaintiff possessed "blank UCC forms" which she recognized as "examples of documents that have been filed under the UCC for the purpose of placing a fraudulent lien on another individual." *Docket #56* at 5. However, Norma Killough, Administrative Assistant for MDOC's Correctional Facilities Administration, upon being informed of the December 4, 2006 hearing, "asked that the administrative hearing be re-conducted in accordance with MDOC PD 05.03.118." *Id.* [3] Accordingly, a rehearing held on January 24, 2007 omitted mention of the enjoined portion of the Policy Directive, finding however, that possession of the blank UCC forms violated other portions of the Directive, including the prohibition on "[m]ail for the purpose of operating a business enterprise from with[in] the facility, and mail which "may facilitate or encourage criminal activity . . . [including] advocating, or promoting the violation of State of Federal laws."[4] *Id.*

---

[3]Similarly, Gregory Brown acknowledges that after his UCC reference material was confiscated in February 2007, the material was returned when he informed prison staff of the injunction on the section of the Policy Directive forbidding the possession of UCC-related texts. *Docket #60.* Brown, like Plaintiff, cannot show that staff willfully disobeyed the district court's order.

[4]For example, M.C.L. §440.9501(6) states in pertinent part:

"A person shall not knowingly or intentionally file a false or fraudulent financing statement with the office of the secretary of state under subsection (1)(b) or (2). In

I also disagree with Plaintiff's implied argument that by confiscating certain UCC material, the MDOC is effectively making an end run around the district court's September, 2006 order. *See also Docket #60.* Plaintiff fails to consider that although the MDOC is enjoined from confiscating items purely on the basis that they relate to the UCC, possession of such material may be otherwise proscribed by under different sections of the Policy Directive. Despite the injunction on the portion of the Policy Directive which explicitly discusses UCC material, obviously, the MDOC is not similarly enjoined from forbidding inmates from possessing material which may promote criminal activity. Further, as discussed previously by this Court, Defendants' concern over the possession of blank UCC forms is well-founded. In June 2006, this Court observed that a precursor of the now enjoined portion of the Policy Directive was

> "inspired by growing concern over prisoners' use of UCC material and forms as a means harassing individuals involved in their conviction. *See U.S. v. Gordon,* 2005 WL 2237640, *1 (S.D.Ga.2005) ("Defendants are employing a tactic often used by inmates and prisoners to harass those involved in their prosecutions-namely, the filing of baseless liens or UCC Financing Statements in the hopes of damaging the purported lien debtor's credit." *Id.; Hudson v. Caruso,* No. 1:05-CV-137, 2005 WL 1689640 (W.D.Mich. July 19, 2005); *United States v. Brum,* No. Civ. A 105CV110, 2005 WL 1606584 (E.D.Tex. July 1, 2005)). Following his conviction, a New York defendant recorded "false and invalid" UCC liens against the real and personal property of the Chief Judge of the Eastern District of New York, a government attorney, and the warden of a federal detention center. *U.S. v. Orrego* 2004 WL 1447954, * 1 (E.D.N.Y.2004). In *U.S. v. Martin,* 356 F.Supp.2d 621, 623 (W.D.Va.2005),

---

addition to any other penalty provided by law, a violation of this subsection is a felony punishable by imprisonment for not more than 5 years or a fine of not more than $2,500.00, or both."

> a federal prisoner "named himself as secured party for a debt of $8,000,000.00 allegedly owed by" the Fourth Circuit's Clerk of the Court, along with three Fourth Circuit U.S. Court of Appeals judges. He attached similar liens to the property of three Bureau of Prison employees for $100,000,000.00."

*Jones-Bey v. Michigan Dept. of Corrections*, 2006 WL 2418921, *4 (E.D.Mich. 2006)

While the district court has found that the language of subsection 23 fails to pass constitutional muster,[5] pursuant to *Turner v. Safley,* 482 U.S., 78, 89, 107 S.Ct., 2254, 2261, 96 L.Ed.2d 64 (1987), Defendants have established that they are entitled to ban material which may "promote criminal activity," on the obvious basis that it is "reasonably related to a legitimate penological interests."

## IV. CONCLUSION

For the reasons set forth above, I recommend that (1) *Motion for a Finding of Contempt* [Docket #52] be DENIED; (2) that *Plaintiff's Ex-Parte Motion for a Finding of Contempt* [Docket #57] be DENIED; and (3) that Gregory Brown's *Motion to Show Cause and Contempt* [Docket #60] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

---

[5] On October 11, 2006, Defendant filed a motion for reconsideration of the District Judge's order on Report and Recommendation, granting the preliminary injunction. *See* Docket #47, 63, 64. That motion is pending before the District Judge.

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 27, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 27, 2007.

S/G. Wilson
Judicial Assistant