UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JONES,

    Plaintiff,

v.

    Case No. 05-CV-72817-DT

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
JAN E. TROMBLEY, AND LINDA
MATUSZAK,

    HONORABLE DENISE PAGE HOOD

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR REHEARING OR
RECONSIDERATION AND GRANTING DEFENDANTS' MOTION TO SEAL
DOCUMENTS**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion for Rehearing or Reconsideration ("Motion for Reconsideration") of the Court's September 28, 2006 Order Regarding Report & Recommendation[1] ("Order") and Defendants' Motion to Seal Documents. The motions were filed on November 11, 2006 and November 13, 2006, respectively. Defendants' motion for reconsideration contains an Exhibit B, the subject of Defendants' Motion to Seal.

---

[1] The Court's Order accepted the Magistrate Judge's Initial Report and Recommendation, which found Michigan Department of Corrections ("MDOC") Policy Directive 05.03.118(HH)(23) ("Rule 23") to be impermissibly vague. Rule 23 prohibits the receipt of some UCC-related mail to prisoners.

## II. APPLICABLE LAW & ANALYSIS

### A. Motion to Seal Documents

Pursuant to E.D. Mich. LR 5.1, Defendants move the Court to seal the documents of Exhibit B of their Motion for Reconsideration, to protect the confidentiality of sensitive materials contained therein. For good cause shown, the Court GRANTS Defendants' motion to seal the documents contained with Exhibit B of their Motion for Reconsideration.

### B. Motion for Reconsideration

Defendants also move the Court to reconsider its September 28, 2006 Order. In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provide that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3). This Court has discretion to grant or deny a motion for reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003).

In its Order, the Court found that Rule 23, as written, is impermissibly vague. (Order, p. 3). Rule 23 states:

> 23. Mail regarding actions that can be taken under the Uniform Commercial Code (UCC) which could be used to harass or threaten another individual, including the filing of a lien against the individual. This does not include legal materials which set forth the statute or provide a scholarship analysis of the UCC.

MDOC PD 05.03.118(HH)(23)(2006). The Court characterized the statute as vague for several reasons. First, the Court found that the "another individual" language of the statute was ambiguous. Second, the Court found that Rule 23 was overinclusive; that is, it would prohibit a prisoner's filing

2

of a lien that was legitimate or legal. Third, the Court found that Rule 23 was underinclusive; that is, it does not prohibit the use scholarly UCC-related material for illegal purposes. (Order, p. 3). The Court also noted two defects in Defendants' summary judgment motion: a failure to name specific inmates who placed or attempted to place liens against State of Michigan Employees, and a failure to name the specific felonies that those inmates were committing by filing illegal liens.

In their Motion for Reconsideration, Defendants attempt to quell some of the Court's concerns by describing specific instances of UCC fraud committed by MDOC prisoners against employees of Michigan, as well as delineating specific crimes flowing from these instances of fraud. Additionally, Defendants expound upon the phrase "another individual" contained within Rule 23. However, Defendants fail to adequately address the Court's concern regarding Rule 23's overinclusiveness and do not address underinclusiveness at all.

Defendants acknowledge Rule 23's overinclusiveness, but suggest that the MDOC has a process, already in place, that is capable of sifting out legitimate UCC-related prisoner mail. (Def. Mot., p. 6). Defendants assert that, if a prisoner believes that his UCC-related mail has been inappropriately confiscated, there is a process by which he may request a hearing to determine the appropriateness of the confiscation. *Id.* The Court is not convinced that such a remedy, which is the same relief available to a prisoner for "any [type of] rejected or confiscated material," *id.*, is well-suited for prisoners seeking relief from Rule 23. Courts must ensure that prisoners are afforded greater First Amendment protection for their legal mail than with other items. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Moreover, there is a heightened First Amendment concern when prison officials place restrictions on legal mail. *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). Defendants' proposed remedy does not meet this heightened test. Accordingly, this Court must deny Defendants' Motion for Reconsideration.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendants' Motion for Rehearing or Reconsideration **(Docket No. 47)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Seal Documents **(Docket No. 48)** is GRANTED.

                                       s/ DENISE PAGE HOOD
                                       DENISE PAGE HOOD
                                       United States District Judge

DATED: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Walter Jones, Reg. No. 235079, 1576 W. Bluewater Highway, Ionia, MI 48846on September 28, 2007, by electronic and/or ordinary mail.

                                       S/William F. Lewis
                                       Case Manager