UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER JONES,

    Plaintiff,

v.

    Case No. 05-CV-72817-DT

    HONORABLE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
JAN E. TROMBLEY, AND LINDA
MATUSZAK,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("Report") dated August 27, 2007. In his Report, the Magistrate Judge recommended that Plaintiff Walter Lee Jones-Bey's ("Jones-Bey") Motion for a Finding of Contempt (Docket #52) be denied; that Jones-Bey's Ex-Parte Motion for a Finding of Contempt (Docket #57) be denied; and that Gregory Brown's[1] (collectively "Plaintiffs") Motion to Show Cause and Contempt (Docket #60) be denied. Plaintiff Jones-Bey filed an Objection to the Magistrate Judge's Report and Recommendation on September 11, 2007.

**II.    STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination

---

[1]Gregory Brown is an MDOC inmate who seeks to intervene as an interested party.

of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### III. LAW & ANALYSIS

This Court agrees with the Magistrate Judge that all three motions should be DENIED. The Magistrate Judge raises two major arguments as the basis for his decision, and the Court finds merit in those arguments. First, Magistrate Judge Whalen makes clear that the MDOC does not need to rely on MDOC Policy Directive 05.03.118(HH)(23) ("Rule 23") to confiscate UCC-related materials. Although the MDOC has specifically been enjoined from enforcing Rule 23 by the Court, "the MDOC is not similarly enjoined from forbidding inmates from possessing material which may promote criminal activity." (R&R, at p.5). Plaintiff Jones-Bey acknowledges this fact in his brief. (*See* Pl. Ob. To R&R, at 2). Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Because the MDOC has established, with Plaintiff Jones-Bey's affirmation, that it has confiscated and will continue to confiscate Plaintiffs' materials under the guise of other constitutionally permissible provisions of the MDOC directive, Plaintiffs have not established the level of proof necessary to sustain their burden of proof. As a result, Defendant MDOC cannot be held liable for civil contempt.

The Magistrate Judge raises one additional argument that is worthy of note. In his report, Magistrate Judge Whalen notes that "Defendants' concern over the possession of blank UCC forms [by prisoners] is well-founded." (R&R, p. 5). The Court shares the same concern. As noted in the Report:

> Defendants are employing a tactic often used by inmates and prisoners to harass those involved in their prosecutions-namely, the filing of baseless liens of UCC Financing Statements in the hopes of damaging the purported lien debtor's credit.

(R&R, p. 5) (citing *Jones-Bey v. Michigan Dept. of Corrections*, 2006 WL 2418921, *4 (E.D. Mich. 2006). Morever, the Court finds it noteworthy that, in his brief, Plaintiff Jones-Bey fails to offer a single legitimate purpose for the blank UCC forms that MDOC confiscated from him. Accordingly, Plaintiffs' motions must be denied.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge R. Steven Whalen (Docket No. 74) is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Finding of Contempt (Docket No. 52) is **DENIED.**

IT IS ORDERED that Plaintiff's Ex-Parte Motion for a Finding of Contempt (Docket No. 57) is **DENIED.**

IT IS FURTHER ORDERED that Gregory Brown's Motion to Show Cause and Contempt (Docket No. 60) is **DENIED.**

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Walter Jones, Reg. No. 235079, 1576 W. Bluewater Highway, Ionia, MI 48846on September 28, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALTER JONES,

    Plaintiff,

v.

                                      Case No. 05-CV-72817-DT

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,      HONORABLE DENISE PAGE HOOD
JAN E. TROMBLEY, AND LINDA
MATUSZAK,

    Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("Report") dated August 27, 2007. In his Report, the Magistrate Judge recommended that Plaintiff Walter Lee Jones-Bey's ("Jones-Bey") Motion for a Finding of Contempt (Docket #52) be denied; that Jones-Bey's Ex-Parte Motion for a Finding of Contempt (Docket #57) be denied; and that Gregory Brown's[1] (collectively "Plaintiffs") Motion to Show Cause and Contempt (Docket #60) be denied. Plaintiff Jones-Bey filed an Objection to the Magistrate Judge's Report and Recommendation on September 11, 2007.

**II.    STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination

---

[1] Gregory Brown is an MDOC inmate who seeks to intervene as an interested party.

of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

## III. LAW & ANALYSIS

This Court agrees with the Magistrate Judge that all three motions should be DENIED. The Magistrate Judge raises two major arguments as the basis for his decision, and the Court finds merit in those arguments. First, Magistrate Judge Whalen makes clear that the MDOC does not need to rely on MDOC Policy Directive 05.03.118(HH)(23) ("Rule 23") to confiscate UCC-related materials. Although the MDOC has specifically been enjoined from enforcing Rule 23 by the Court, "the MDOC is not similarly enjoined from forbidding inmates from possessing material which may promote criminal activity." (R&R, at p.5). Plaintiff Jones-Bey acknowledges this fact in his brief. (*See* Pl. Ob. To R&R, at 2). Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). Because the MDOC has established, with Plaintiff Jones-Bey's affirmation, that it has confiscated and will continue to confiscate Plaintiffs' materials under the guise of other constitutionally permissible provisions of the MDOC directive, Plaintiffs have not established the level of proof necessary to sustain their burden of proof. As a result, Defendant MDOC cannot be held liable for civil contempt.

The Magistrate Judge raises one additional argument that is worthy of note. In his report, Magistrate Judge Whalen notes that "Defendants' concern over the possession of blank UCC forms [by prisoners] is well-founded." (R&R, p. 5). The Court shares the same concern. As noted in the Report:

> Defendants are employing a tactic often used by inmates and prisoners to harass those involved in their prosecutions-namely, the filing of baseless liens of UCC Financing Statements in the hopes of damaging the purported lien debtor's credit.

(R&R, p. 5) (citing *Jones-Bey v. Michigan Dept. of Corrections*, 2006 WL 2418921, *4 (E.D. Mich. 2006). Morever, the Court finds it noteworthy that, in his brief, Plaintiff Jones-Bey fails to offer a single legitimate purpose for the blank UCC forms that MDOC confiscated from him. Accordingly, Plaintiffs' motions must be denied.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge R. Steven Whalen (Docket No. 74) is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Finding of Contempt (Docket No. 52) is **DENIED.**

IT IS ORDERED that Plaintiff's Ex-Parte Motion for a Finding of Contempt (Docket No. 57) is **DENIED.**

IT IS FURTHER ORDERED that Gregory Brown's Motion to Show Cause and Contempt (Docket No. 60) is **DENIED.**

                                         s/ DENISE PAGE HOOD
                                         DENISE PAGE HOOD
                                         United States District Judge

DATED: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Walter Jones, Reg. No. 235079, 1576 W. Bluewater Highway, Ionia, MI 48846on September 28, 2007, by electronic and/or ordinary mail.

                                         S/William F. Lewis
                                         Case Manager