UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES-BEY,

       Plaintiff,

                             Case No.  05-72817

v.                              District Judge Denise Page Hood
                              Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF CORRECTIONS,
*et al.*

       Defendants.
                                        /

**REPORT AND RECOMMENDATION**

Before the Court is *Defendants' Motion for Summary Judgment Based on Mootness and Sovereign Immunity* [Docket #103], filed November 13, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED on the basis of mootness. Further, pursuant to 28 U.S.C. § 636(b)(1)(A), Plaintiff's January 4, 2010 *Motion to Strike Summary Judgment Documents and Exhibits Pursuant to 56(e) of the Fed. R. Civ. P.* [Docket # 108], a non-dispositive motion, is DENIED.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed suit on July 19, 2005 against present Defendants, protesting a Michigan Department of Corrections ("MDOC") Policy Directive restricting inmates' access to material related to the Uniform Commercial Code ("UCC"). On June 27, 2006, I issued a Report and Recommendation ("R&R") recommending that the district court grant Defendants Caruso, Trombly, and Matuszak's motion for dismissal in their personal capacities on the

basis of qualified immunity [Docket #36]. I also recommended that the district court reject Plaintiff's access-to-court claims, noting that Plaintiff did not allege that the prohibited Unified Commercial Code ("UCC") material was needed for an appeal of his conviction or a civil rights claim. *Lewis v. Casey,* 518 U.S. 343, 350, 355, 116 S.Ct. 2174, 2179, 2182,135 L.Ed.2d 606 (1996). However, I recommended denial of Defendants' motion to the extent that they requested dismissal of Plaintiff's request injunctive relief against them in their official capacities. I further recommended that the district court issue a temporary restraining order enjoining enforcement of MDOC Policy Directive 05.03.118(HH)(22), implemented in June, 2005, which stated as followed:

> *Prohibited Incoming Mail* (HH) "Prisoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner. . . .
>
> (22)"Mail regarding actions that can be taken under the Uniform Commercial Code (UCC). This does not include legal materials which set forth the statute or provide a scholarly legal analysis of the UCC."

Defendants argued that because the 2004 Director's Office Memorandum ("DOM") in dispute had been superceded by MDOC's Policy Directive in June, 2005, Plaintiff's action was moot. I disagreed with Defendants' argument, finding that for all practical purposes, placing the same restrictions in the Policy Directive simply *codified* the impermissible restrictions found in the 2004 DOM. The Court also rejected Defendants' contention that the Policy Directive in its 2005 form bore a reasonable relationship to a legitimate penological objective (*Turner v. Safley,* 482 U.S., 78, 90, 107 S.Ct., 2254, 2259, 96 L.Ed.2d 64 (1987)), instead finding that enforcement of the subparagraph should be enjoined on the basis of vagueness.

In their July 10, 2006 objections to the R&R, Defendants' stated for the first time in any pleading submitted in this case that the subsection in question had been modified,

effective January 1, 2006. The 2006 modification, renumbered sub-paragraph 23, reads as follows:

> 23. Mail regarding actions that can be taken under the Uniform Commercial Code (UCC) **which could be used to harass or threaten another individual, including the filing of a lien against the individual**. This does not include legal materials which set forth the statute or provide a scholarly legal analysis of the UCC.

In an amended R&R, I found that the modified language of the subsection was "reasonably related to a penological objective and therefore not constitutionally impermissible." *Docket #41* at 3. On September 28, 2006, the District Court rejected this reasoning, finding both the original and modified subsection impermissibly vague. *Docket #46* at 5-6. The District Court issued a preliminary injunction enjoining Defendants from enforcing PD 05.03.118(HH)(23), dismissing claims against Defendants Caruso, Trombley, and Matuszak in their personal capacities, but preserving the official capacity claims. *Id.* at 7.

Defendants appealed the grant of the preliminary injunction, which was affirmed by the Sixth Circuit on June 23, 2009 in a 2-1 decision. *Jones v. Caruso,* 569 F.3d 258, 270-75 (6th Cir.2009). Concluding that Plaintiff's claim was likely to succeed on the merits, the majority held that "reasonable alternatives to Rule 23 exist at what appears to be a minimal cost to MDOC." *Id.* at 272 (*citing Turner v. Safley,* 482 U.S. 78, 89-91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

On September 14, 2009, the Policy Directive was again amended, omitting the challenged provisions as well as any reference to UCC material. PD 05.03.118 (eff 09/14/2009).

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III. ANALYSIS

Defendants argue that the present action has been mooted by the September 14, 2009 removal of all reference to UCC materials from the MDOC's Policy Directive. *Defendants' Brief* at 2-4. Defendants contend further that the official capacity claims are barred by the Eleventh Amendment. *Id.* at 4.

Plaintiff disputes that the action is moot, citing *League of Women Voters of Ohio v. Brunner,* 548 F.3d 463, 473 (6th Cir. 2008), for the proposition that "'voluntary cession of

a challenged practice' does not moot a case." *Plaintiff's Brief, Docket #109* at 1. Plaintiff argues that dismissal on the basis on mootness "would be justified only if it were absolutely clear that [he] no longer had any need of the judicial protection that he has sought." *Plaintiff's Brief* at 6. He further asserts that the exhibits accompanying the Defendant's summary judgment motion documenting the September 14, 2009 Policy Directive revisions should be struck because they have not been "authenticated" as required by Fed. R. Civ. P. 56(e). *Plaintiff's Motion to Strike Summary Judgment Documents and Exhibits Pursuant to 56(e) of the Fed. R. Civ. P., Docket # 108*.

### A. Eleventh Amendment Immunity

Defendants contend that they are entitled to dismissal of claims against them in their official capacities on the basis of Eleventh Amendment immunity. *Defendants' Brief* at 4. As a rule, claims against defendants in their *official* capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are generally subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). As such, claims for monetary damages against Defendants in their official capacities are barred.

However, "[Eleventh Amendment] immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908). As such, Plaintiff's requests for injunctive relief are not barred by Eleventh Amendment Immunity.

### B. Mootness

The claims surviving Defendants' original summary judgment motion pertain

exclusively to the enjoinment of MDOC Policy Directive 05.03.118(HH)(22) and its successor, subsection 23. On June 23, 2009, the Sixth Circuit concluded that "a balancing of the relevant factors clearly demonstrates that the court's issuance of the preliminary injunction" as to subsection 23 "was proper." *Jones v. Caruso*, 569 F.3d 258, 278 (6th Cir. 2009). Defendants, reading the proverbial "writing on the wall," duly removed the subsection from a September 14, 2009 revision to the Policy Directive. Moreover, the revised Policy Directive does not contain any reference to UCC material. "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). The Court's ability to issue a permanent injunction against the enforcement of subsection 23 has been mooted by its removal from the Policy Directive.

Plaintiff argues that MDOC's "voluntary cession" of the subsection does not moot his claim. He asserts that "[i]f the Defendants truly desired to end this controversy, they would have done so more than four years ago. However, they did nothing of the sort until after receiving an unfavorable ruling from the Court of Appeals." *Plaintiff's Brief* at 4. However, Plaintiff's unsubstantiated and speculative premise that the MDOC cannot be trusted to abide by the Sixth Circuit's holding and its own revised Policy Directive is insufficient to avoid dismissal. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Defendants heeded the Sixth Circuit's conclusion by removing that subsection from the Policy Directive. Consistent with the relief requested in the Complaint, the temporary injunction is now, as a practical matter, permanent. Having obtained the relief he requested, Plaintiff's quest for a permanent injunction of the now-rescinded rule is moot.

In an attempt to survive this motion, Plaintiff also asserts that "Defendants have now taken the devious step of precluding prisoners' access to UCC publications that set forth the

statute or provide a scholarly analysis of the UCC by banning" all copies of MCLA "and other such regulations from their prison law libraries" contrary to the requirements of Attachment A of Policy Directive 05.03.115.[1] *Plaintiff's Response* at 5. While the Court is mindful that "'a controversy does not cease to exist by mere virtue of a change in the applicable law,'" Plaintiff provides absolutely no support for his conclusory allegation that the MDOC is skirting the Sixth Circuit's conclusion by banning the use of statutory law, case law, or treatises for legitimate purposes or removing these materials from the prison law libraries. *Cam I, Inc. v. Louisville/Jefferson County Metro Government,* 460 F.3d 717, 720 (6th Cir. 2006)(*citing Public Serv. Co. of Col. v. Shoshone-Bannock Tribes,* 30 F.3d 1203, 1205 (9th Cir.1994)).

Finally, Plaintiff argues that the "public policy" exception to the mootness doctrine applies to the present case. *Plaintiff's Brief* at 5. Under this exception, "[c]ases which involve public interest, or rights of the public generally, are not necessarily rendered moot by an act which puts an end to the particular controversies which precipitated them." *Big Rivers Elec. Corp. v. E.P.A.,* 523 F.2d 16, 19 (6th Cir. 1975). While Plaintiff now seeks to draw out this litigation, seemingly for the purpose airing grievances beyond the scope of the Complaint or disputing the MDOC's right to confiscate UCC used to promote criminal activity, he has not provided plausible reasons why the public at large or his fellow MDOC inmates would benefit from prolonging this case. [2]

---

[1] http://www.michigan.gov/documents/corrections/05_03_115_293900_7.pdf.

[2] The District Court has stressed that while "the MDOC ha[d] specifically been enjoined from enforcing Rule 23 . . . 'the MDOC is not similarly enjoined from forbidding inmates from possessing material which may promote criminal activity.'" *Order, Docket #77* at 2 (*adopting the undersigned's R&R, Docket #74* at 5).

### C. Plaintiff's Motion to Strike Defendants' Exhibits [Docket #108]

Finally, Plaintiff argues that exhibits attached to Defendants' summary judgment motion documenting the September 14, 2009 Policy Directive should be stricken because they are not "authenticated." *Docket #108.* The Court need not consider Plaintiff's "authentication" argument in denying the motion. First, the revisions indicated in Defendants' exhibits are public documents, readily available at the MDOC website.[3] Second, Plaintiff has in effect conceded the veracity of Defendants' exhibits by arguing that the September 14, 2009 removal of subsection 23 is insufficient grounds for dismissing his claim.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' motion for summary judgment [Docket #103] be GRANTED on the basis of mootness.

Further, Plaintiff's January 4, 2010 *Motion to Strike Summary Judgment Documents and Exhibits Pursuant to 56(e) of the Fed. R. Civ. P.* [Docket # 108], a non-dispositive motion, is DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

---

[3] http://www.michigan.gov/documents/corrections/05_03_118_305678_7.pdf

F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 11, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 11, 2010.

s/Susan Jefferson
Case Manager