# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALTER JONES,

    Plaintiff,                                     Case No. 05-72817
                                                   Honorable Denise Page Hood

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation, dated June 11, 2010 [Doc. 110]. Objections were filed on July 9, 2010 (mailed by Plaintiff on July 1, 2010).

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary*

*of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Plaintiff filed the instant action on July 19, 2005. The Complaint alleged that the Policy Directive implemented, which prohibited prisoners from access to the Uniform Commercial Code, was unconstitutional. This Court issued a preliminary injunction enjoining Defendants from enforcing PD 05.03.118(HH)(23). The Sixth Circuit Court of Appeals affirmed the Court on June 23, 2009 in *Jones v. Caruso,* 569 F.3d 270-75 (6th Cir. 2009). On September 14, 2009, the Policy Directive was amended, omitting the challenged provisions as well as any reference prohibiting prisoners from obtaining UCC material. PD 05.03.118 (eff. 9/14/2009). On remand, Defendants filed a Motion for Summary Judgment claiming that Plaintiff's Complaint must be dismissed based on mootness. The Magistrate Judge issued a Report and Recommendation stating that the motion should be granted.

The Court agrees with the Magistrate Judge that Defendants have shown that summary judgment should be granted for mootness based on the revision of the Policy Directive on September 14, 2009, eliminating PD 05.03.118(HH)(23). As noted by the Magistrate Judge, "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). Plaintiffs' Objections include the following arguments: that the burden was not on Plaintiff to prove that the wrongful conduct will not recur; that the Magistrate Judge erred in concluding that Jones-Bey is seeking to draw out the litigation; that the Policy Directive does not contain any reference to UCC materials; and that the Magistrate Judge failed to address the "capable of repetition, yet evading review exception" to the mootness claim.

The Court finds Plaintiff's Objections without merit. Given the revision of the Policy Directive, Plaintiff has not shown that Defendants' future actions will not comply with the Sixth Circuit directive. Shortly after the Sixth Circuit's affirmance of this Court's Order, Defendants revised the Policy Directive Plaintiff complained of in his Complaint. As the Magistrate Judge noted, Plaintiff has obtained the relief requested. This Court cannot grant Plaintiff's requested relief to permanently enjoin Defendants since the Policy Directive at issue has now been rescinded. Plaintiff's requested relief is moot.

As to Plaintiff's Objections indicating that the revised Policy Directive still contains a reference to UCC material, specifically, PD 05.03.118.MM.3 and .11, the Sixth Circuit addressed this issue in its Opinion. The Sixth Circuit noted that "Defendants do not account for the fact that Michigan passed a 2004 law making the filing of fraudulent UCC financing statements with the Secretary of State a Felony. ... This provides yet another tool MDOC can use to prevent the abuses that Rule 23 was designed to address." *Jones,* 569 F.3d at 275. It appears that the MDOC revised the Policy Directive in response to the Sixth Circuit's Opinion. Since the revision of the Policy Directive, Plaintiff has not shown that any of his mail has been rejected under the revised Policy Directive.

Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's June 11, 2010 Report and Recommendation [**No. 110, 6/2/2010**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment **[No. 103, 11/13/2009]** is GRANTED.

IT IS FURTHER ORDERED that this instant action is DISMISSED with prejudice.


                        S/Denise Page Hood
                        Denise Page Hood
                        United States District Judge

Dated: August 31, 2010

    I hereby certify that a copy of the foregoing document was served upon Walter Jones, Reg. No. 235079, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 and counsel of record on August 31, 2010, by electronic and/or ordinary mail.

                        S/William F. Lewis
                        Case Manager