**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER JONES,

    Plaintiff,                                  Case No. 05-72817
                                                     Honorable Denise Page Hood

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

**<u>ORDER DENYING MOTION REQUESTING REVIEW OF CLERK'S ACTION TO
DENY COSTS, ORDER DENYING MOTION TO UPHOLD JUDGMENT
AND ORDER RESCINDING ORDER REFERRING MOTIONS</u>**

**I.    BACKGROUND/ANALYSIS**

This matter is before the Court on Plaintiff Walter Jones' Motion Requesting Review of Clerk's Action to Deny Costs to Plaintiff as the Prevailing Party and Brezenski's Motion to Uphold Judgment. For the reasons set forth below, both motions are denied.

    **A.    Plaintiff's Motion Requesting Review of Clerk's Action as to Costs**

On August 31, 2010, the Court entered an Opinion and Order and Judgment dismissing Plaintiff's case. Plaintiff filed a Bill of Costs with the Clerk on September 27, 2010. The Clerk did not tax costs against Defendants finding that Plaintiff was not the prevailing party, therefore Plaintiff was not entitled to costs under 28 U.S.C. §§ 1920, 1923. Plaintiff filed the instant motion with this Court requesting the Court to review the Clerk's denial of Plaintiff's request for costs. As noted by the Clerk, only a prevailing party is entitled to costs under 28 U.S.C. §§ 1920, 1923. Fed. R. Civ. P. 54(d)(1)(Costs are allowed to the prevailing party.). The Court dismissed Plaintiff's case and entered a Judgment in Defendants' favor and against Plaintiff. (Doc. No. 113, Order; Doc. No. 114,

Judgment)

Plaintiff argues that although the judgment was not entered in his favor, Plaintiff should still be entitled to costs because he obtained the relief he requested in that a Policy Directive eliminated PD 05.03.118(HH)(23) and that the temporary injunction is now a permanent injunction. The Supreme Court rejected this argument based on a catalyst theory of a prevailing party by stating that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* [approval] on the change. Our precedents thus counsel against holding the term 'prevailing party' authorizes an award of [] fees *without* a corresponding alteration in the legal relationship of the parties." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources,* 532 U.S. 598, 605 (2001), *see also, Chambers v. Ohio Dep't of Human Services,* 273 F.3d 690 (6th Cir. 2001). Fees and costs are only awarded where a plaintiff has received a judgment on the merits or the parties enter into a consent decree which is approved by a court. *Buckhannon,* 532 U.S. at 605. The term "prevailing party" does not authorize fees and costs to a plaintiff who, by simply filing a lawsuit has reached the "sought-after destination" without obtaining any judicial relief. *Id.* at 606.

Plaintiff argues that although he did not obtain a judgment in his favor, this Court issued a preliminary injunction enjoining prison officials from enforcing PD 05.03.118(HH)(23) which prohibited prisoners from receiving mail regarding actions taken under the Uniform Commercial Code, other than legal materials which set forth the statute or provide a scholarly legal analysis of the UCC. *Jones v. Caruso,* 569 F.3d 258, 261-62 (6th Cir. 2009). The Sixth Circuit has held that when a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees and costs. *McQueary v. Conway,* 614 F.3d 591, 604 (6th Cir. Jul. 29, 2010). A claimant

is not a prevailing party even if the party obtains a preliminary injunction that is later dissolved. *Id.* at 598. A claimant may be a prevailing party if a plaintiff obtains a "material" change in the legal relationship between himself and the defendant, such that the change "directly benefits" a plaintiff by modifying the defendant's behavior toward him. *Id.* Absent a direct benefit, the plaintiff achieves only a symbolic victory, but is not entitled to fees and costs. *Id.* The goal behind awarding fees is to award such fees to deserving parties, not to generate "satellite" disputes over fees. *Id.*

It is true the Sixth Circuit affirmed this Court's order granting Plaintiff's Motion for Preliminary Injunction enjoining prison officials from enforcing the policy, however, the Sixth Circuit found that this Court erred in applying the heightened standard of review applied to challenged prison regulations. *Id.* at 266. The Sixth Circuit found that the UCC-related materials Plaintiff attempted to mail to the Michigan Secretary of State's office were not "legal mail." *Id.* at 268. Plaintiff conceded that the policy at issue furthers the legitimate government interest of preventing prisoners from committing fraud under the UCC, therefore, the policy served a valid, rational connection between the regulation and a legitimate government interest. *Id.* at 271. The Sixth Circuit found that although the policy was not so vague, prison officials had readily available alternatives, such as PD 05.03.118(D)(7) and PD 05.03.118(HH)(3), to determine which UCC-related materials would foster the serious problem of prisoner UCC-related fraud. *Id.* at 273. As noted by the Sixth Circuit, Plaintiff was found with UCC-related documents which prison officials confiscated citing Rules 3 and 7. *Id.* The prison librarian believed these documents were to be used by Jones to file a $5,000,000 fraudulent lien. *Id.* The Sixth Circuit also noted that prison officials could continue to confiscate UCC-related materials without resorting to Rule 23, the policy challenged by Plaintiff. *Id.* at 274. Although the Sixth Circuit affirmed this Court's preliminary

injunction order enjoining prison officials to enforce Rule 23, the Sixth Circuit found that Rule 23 was necessary to further the prison officials' "undoubtedly legitimate interest in preventing prisoners from filing fraudulent UCC liens." *Id.* at 275.

Plaintiff may have achieved one of his goals in filing the lawsuit when the policy at issue was rescinded. Plaintiff did not prevail in his other injunctive requests, and claims for damages and declaratory relief. Plaintiff did not directly benefit from the rescindment of the policy because prison officials are still able to inspect and confiscate his UCC-related materials pursuant to other rules. Accordingly, the preliminary injunction issued by this Court and affirmed by the Sixth Circuit did not materially change the relationship between Plaintiff and Defendants. Because Defendants "voluntarily" rescinded the policy without court order or judicial relief and the Sixth Circuit found that the policy was not necessary to further the prison officials' legitimate interest in preventing prisoners from filing fraudulent UCC liens, based on the Supreme Court's holding in *Buckhannon*, Plaintiff is not the prevailing party in this case. Plaintiff's Motion Requesting Review of Clerk's Action as to Costs is denied and the Court affirms the Clerk's denial of Plaintiff's request for costs.

**B.     Motion to Uphold Judgment**

On October 1, 2010, Jimmie Brezenski filed a document entitled, "Motion to Uphold Judgment," citing Case No. 05-72817. Based on his motion, it appears Brezenski is seeking redress from the Defendant for rejecting his mail. Brezenski is not a party in Case No. 05-72817, and, therefore has no standing in this case. If Brezenski intended to file a "Complaint" based on the rejection of his mail, Brezenski must file the appropriate "Complaint" as set forth in the Rules of Civil Procedure, Rules 1 through 11 and the E.D. Mich. LR 3.1 and 5.1. The Court denies Brezenski's "Motion to Uphold Judgment" filed in this case.

**II. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motion Requesting Review of the Clerk's Action to Deny Costs to Plaintiff as the Prevailing Party **[Doc. No. 118, filed October 8, 2010]** is DENIED.

IT IS FURTHER ORDERED that the Motion to Uphold Judgment **[Doc. No. 117, filed October 1, 2010]** is DENIED.

IT IS FURTHER ORDERED that the Order of Reference to the Magistrate Judge **[Doc. No. 119, filed December 2, 2010]** is RESCINDED.


        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: July 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2011, by electronic and/or ordinary mail to Walter Jones #235079, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660.

        S/Felicia Moses
        Alternate Case Manager